## STATE EX REL. B. RATNER v. CITY OF MINNEAPOLIS AND OTHERS.[1]

June 26, 1925.

No. 24,727.

**No estoppel against city pleading and proving all reasons for refusal of food license.**

A representative of the city government advised applicant for a food license that his application was refused because of a certain reason. In mandamus proceedings the city pleaded additional reasons which were litigated. *Held* that the fact that only one reason was assigned for the refusal does not prevent the city from pleading and relying on all its reasons, and that the relator must bring himself within the

[1]Reported in 204 N. W. 632.

provisions of the regulatory ordinance, show compliance with the law and that the authorities had acted arbitrarily and unreasonably.

See Estoppel, 21 C. J. p. 1192, § 193; Mandamus, 38 C. J. pp. 742, §353, 743, §353, 914, §671.

See 17 R. C. L. p. 562; 3 R. C. L. Supp. p. 708; 18 R. C. L. p. 293; 3 R. C. L. Supp. p. 798.

Upon the relation of B. Ratner the district court for Hennepin county granted its alternative writ of mandamus directed to the city of Minneapolis and its officers to compel the issuance of a license to conduct a grocery, soft drink and confectionery establishment. The matter came on for trial before Baldwin, J., who ordered that the writ be made absolute. Defendants appealed. Remanded.

*Neil M. Cronin* and *R. S. Wiggin*, for appellants.

*S. Friedman*, for respondent.

WILSON, C. J.

Mandamus to compel the city of Minneapolis to issue a "food license" pursuant to a regulatory ordinance. The petition says that the refusal was based upon the "zoning ordinance in the city of Minneapolis" under the claim that petitioner's place of business was within a restricted residence district. The answer of the city, however, pleads not only the zoning ordinance, but pleads the regulatory ordinance and the failure of the relator to comply with the conditions precedent to acquiring a "food license" thereunder.

Petitioner owns a corner lot known as 1726 Eighth avenue north, where he resides and at the rear is a one-story building formerly used for a barn or garage which has been converted into a small store. It is labeled and known as 810 Logan avenue north. Petitioner had a license expiring May 1, 1924. Five days later he applied for a license for the ensuing year, giving the location of the store at 1726 Eighth avenue north. Some confusion resulted from the location not being given as 810 Logan avenue north. The ap-

plication now has a notation: "No store at this address." The records in the office of the city clerk in connection with the report of the committee June 24, 1924, state: "The following submitted without favorable recommendations from the commissioner of health," and "The following not recommended because applicants have not met requirements of ordinance as to sanitary regulations." Petitioner's name is included. Council proceedings of June 27, 1924, say: "From the standing committee on health and hospitals, your committee respectfully reports and recommends that the following licenses be denied," and again petitioner's name is included. Other records show that it was also considered that he was in a restricted area.

On the trial evidence was received in support of the allegations of the answer as to a failure to meet the requirements of the regulatory ordinance. In fact petitioner put in evidence the records above mentioned. But the court declined to make findings on this issue because "no such reason was given when the license was refused." The court directed the alternative writ of mandamus to be absolute. The defendants have appealed from a judgment entered after their motion for judgment or a new trial was denied.

The public records showed more than one reason for not granting the "food license." The mere fact that only one of these reasons was given by a city employe in justification of the refusal when the demand was made, does not prevent the city from pleading and relying on all its reasons in a mandamus proceeding to compel the issuance of the license. It is not the character of the refusal but the right of petitioner to the remedy which must control. The public welfare cannot yield to the failure of such employe or minor official to state all the existing legal grounds in support of a refusal to issue a license. In this case the inquiry was casual and made to a person who took no part in the determination. He was apparently passing on information as he understood it. But his want of information cannot diminish the legal rights and remedies of the city. The additional reasons appeared upon the minutes of the council. When there is a refusal, the petitioner must establish his claim of

right that will successfully withstand any defense which may be pleaded in opposition thereto. Relator failed to show a clear right to the relief demanded.

It is urged that petitioner was not given an opportunity to remove the unsanitary conditions, but that they have been due to the wrong street number given on his application. Mandamus is an extraordinary remedy. It will enforce only those legal rights which are clear and complete, and the petitioner must show full performance of all conditions precedent on his part. The burden is on petitioner to show the full facts which entitle him to the relief sought. The questions as to whether he brought himself within the provisions of the regulatory ordinance, whether the provisions of the law had been complied with, and whether the municipal officers in denying the license acted arbitrarily and unreasonably, should have been determined by the trial court. 26 Cyc. 289, 18 R. C. L. 292; 19 Am. & Eng. Enc. (2d ed.) 821. The cause is therefore remanded with directions for further proceedings in accordance with the views herein expressed.

Remanded.